UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────

№ 06-CV-5841 (JFB)(WDW)

───────────────

SUSAN DANIELS,

Plaintiff,

VERSUS

KEN MURPHY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE SERVICES, AND JOHN DOES 1 THROUGH 10 AND JANE DOES 1 THROUGH 10, THE INDIVIDUAL DEFENDANTS BEING SUED IN THEIR RESPECTIVE INDIVIDUAL AND OFFICIAL CAPACITIES, AND CHILD & FAMILY PSYCHOLOGICAL SERVICES, P.C. AND THOMAS HICKEY,

Defendants.

───────────────

MEMORANDUM AND ORDER
July 2, 2007

───────────────

JOSEPH F. BIANCO, District Judge:

Plaintiff Susan Daniels brings this *pro se* action alleging that defendants violated her constitutional rights pursuant to 42 U.S.C. § 1983 and under state law. Plaintiff seeks damages, injunctive and declaratory relief from each defendant. Defendant Ken Murphy, an employee of Suffolk County Child Protective Services, moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Thomas Hickey joins in defendant Ken Murphy's motion.[1] Defendant Child & Family Psychological Services, P.C., has not appeared in this action, and, according to the docket, has not been served with process.

For the reasons that follow, defendants' motion to dismiss is granted. However, the Court will allow plaintiff an opportunity to

───────────────

[1] For convenience purposes, the Court refers to arguments made by defendant Murphy as made on behalf of all defendants, unless otherwise indicated.

file an amended complaint to address the pleading defects discussed *infra*.

I. BACKGROUND

The following facts are taken from the complaint and are not findings of fact by the Court, but rather are assumed to be true for purposes of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

On October 27, 2006, plaintiff commenced this action alleging that defendants violated her rights as a mother to Thomas Daniels ("Thomas"), a minor child.[2] Plaintiff alleges that her son's father, defendant Thomas Hickey ("Hickey"), has "intimidated" their son and engaged in "brainwashing and Parental Alienation Syndrome" with regard to their son, and made "fraudulent representations" to various employees of Suffolk County Child Protective Services (hereinafter "CPS") that somehow relate to a custody proceeding in state court. (Compl. ¶¶ 2, 7, 13.) Plaintiff also alleges that CPS employees, including Ken Murphy ("Murphy") and twenty unnamed employees (collectively, "the CPS defendants"), "negligently rel[ied]" on the findings of prior CPS employees and breached their "professional responsibilities" by accepting or believing certain information imparted to them by Hickey. (Compl. ¶¶ 13, 18, 23, 33.) Plaintiff further alleges that defendant Murphy "failed to ascertain . . . and/or disregarded and condoned" the "violent nature[] and history" of Hickey while performing duties related in some unspecified way to the custody dispute underlying this action, and thereby violated plaintiff's due process rights. (Compl. ¶¶ 16, 33.)

As to defendant Child & Family Psychological Services, P.C. ("FPS"), plaintiff's complaint identifies FPS in the caption, and, in one paragraph, asserts that they "practiced unprofessionally and negligently" in some unspecificied manner in relation to plaintiff and/or her son. (Compl. ¶ 4.) FPS appears nowhere else in the complaint.

Defendant Murphy moved to dismiss the complaint pursuant to Rule 12(b)(6) on February 16, 2007. By letter dated February 14, 2007, defendant Hickey indicated his desire to join in defendant Murphy's motion. Oral argument was held on defendants' motion on June 27, 2007.[3]

---

[2] In the caption of the complaint, plaintiff indicates that she is also seeking relief "as next friend and Mother, and natural Guardian of Thomas Daniels." However, because *pro se* plaintiff is not an attorney, she may not represent her son in this proceeding. *See, e.g., Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.") (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."). Accordingly, the Court construes the complaint as seeking relief solely on behalf of Susan Daniels.

[3] Previously, on January 26, 2007, this Court remanded a child-custody petition that was originally filed by Hickey, and removed to this Court by Daniels, to New York State Supreme Court, Suffolk County. In that action, Hickey sought sole custody of the couple's son. In an order remanding the action, the Court found that (1) no federal statutory or constitutional issues appeared on the face of the child custody petition at issue, and (2) pursuant to the "domestic relations" exception to federal jurisdiction, it lacked subject matter jurisdiction over the action. (*See Hickey v. Daniels*, No. 06 Civ. 6838, Jan. 26, 2007 Order.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (May 21, 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thereafter, in order to withstand a Rule 12(b)(6) motion, the complaint must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, – F.3d – , 2007 WL 1717803, at *11 (2d Cir. June 14, 2007). That is, the Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 S.Ct. at 1974. A claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.*, 127 S.Ct. at 1968.

## III. Discussion

### A. Section 1983 Claims

For the following reasons, the Court finds that plaintiff's claims pursuant to Section 1983 must fail as a matter of law.[4]

### 1. Thomas Hickey

The Court finds that, to the extent that plaintiff asserts a Section 1983 claim against defendant Hickey, such a claim must fail as a matter of law because it does not allege that Hickey was a state actor, or offer factual assertions from which it could be inferred that there was a sufficiently close nexus between Hickey and the State. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) ("It is settled that conduct by a private entity constitutes state action [for purposes of Section 1983] only when 'there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *Elmasri v. England*, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000) (dismissing Section 1983 claims where defendants, including plaintiff's ex-wife, "acted purely as

---

[4] In the complaint, plaintiff also cites to the Uniform Grandparent Visitation Act, the Child Abuse Prevention and Treatment Act of 1974 ("CAPTA"), the Federal Child Support Act of 1974 (which appears to refer to the Child Support Recovery Act, "CSRA"), the Adoption Assistance and Child Welfare Act of 1980 ("AACWA"), and the Parental Kidnapping Prevention Act of 1980 ("PKPA"). (Compl. ¶ 19.) The Court notes that the Uniform Grandparent Visitation Act is not a federal law, and, assuming *arguendo* that it presents a state law cause of action, the Court declines to exercise supplemental jurisdiction over any such claim because, as set forth below, plaintiff has failed to adequately plead a federal claim. In addition, plaintiff has failed to identify any provisions of the remaining federal statutes cited above that provide a private right of action to plaintiff. *See, e.g., Thompson v. Thompson*, 484 U.S. 174, 187 (1988) (finding no private right of action under the PKPA); *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311-12 (2d Cir. 2000) (finding that CSRA "does not create a federal right but merely criminalizes conduct that infringes the state-created rights"); *LaShawn A. by Moore v. Barry*, 144 F.3d 847, 850 n. 2 (D.C. Cir. 1998) (finding no private right of action under the AACWA); *Doe v. District of Columbia*, 93 F.3d 861, 865 (D.C. Cir. 1996) (finding that CAPTA does not create a federally enforceable right); *Tony L. By and Through Simpson v. Childers*, 71 F.3d 1182 (6th Cir. 1995); *Daniel H. v. City of New York*, 115 F.Supp.2d 423, 428 (S.D.N.Y. 2000) (finding no private right of action under AACWA). Accordingly, to the extent that plaintiff seeks relief under these statutes, such claims are dismissed for want of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

private individuals in connection with the state court [divorce and child custody] proceedings"); *see also Harley v. Oliver*, 539 F.2d 1143, 1146 (8th Cir. 1976) (dismissing Section 1983 claims brought by mother against her ex-husband arising from the ex-husband taking custody of the couple's son where "[t]here is not a scintilla of state action as to him"); *McCord v. City of Columbus*, 225 F. Supp. 2d 804, 810 (S.D. Ohio 2002) (dismissing Section 1983 claim against mother due to lack of state action where mother filed "custody interference papers" resulting in plaintiff/ex-husband's arrest).

## 2. Child & Family Psychological Services, P.C.

Plaintiff's Section 1983 claims against FPS also fail as a matter of law pursuant to Rule 8(a). As noted, Rule 8(a) provides, in part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[5] The purpose of this requirement is to give "fair notice of the basis" for the plaintiff's claims and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("[F]air notice [is] that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (quotations and citation omitted). Here, plaintiff's allegation regarding FPS – stating, in its entirety, that FPS "practiced unprofessionally and negligently" – "is so . . . ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,'" and, thus, must fail as a matter of law. *Id.* at 80 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)).

In addition, the Court notes that defendant FPS has failed to appear in this action. Based upon a review of the docket sheet, it is unclear whether defendant FPS was served with the summons and complaint in this action. Federal Rule of Civil Procedure 4(m) provides that, "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of an explanation or reasonable excuse for failure to serve, dismissal of the complaint without prejudice as to the defendant is warranted. *See Mahadi v. Johnson Controls, Inc.*, No. 02-CV- 1256 (ILG), 2003 U.S. Dist. LEXIS 8234, at *6-*7 (E.D.N.Y. April 25, 2003) (finding that an "action may be dismissed without prejudice" where over 230 days passed between filing of complaint and service on defendant, and plaintiff "made no effort to show why the failure of timely

---

[5] Rule 8(a) provides:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).

service should be excused"); *Astarita v. Urgo Butts & Co.*, No. 96-CV-6991 (PKL), 1997 U.S. Dist. LEXIS 8112, at *14 (S.D.N.Y. June 10, 1997) (dismissing complaint where plaintiff failed to serve defendants within 120 days of filing complaint and offered no explanation). Pursuant to Rule 4(m), the Court now directs plaintiff to explain, within thirty days of the date of this Order, her failure to serve defendant FPS within the appropriate period. Plaintiff's failure to show good cause therefor, or to respond to the Court's direction, shall result in the dismissal with prejudice of her claims against FPS.

### 3. The CPS Defendants

The Court finds plaintiff's Section 1983 claims against the CPS defendants must fail as a matter of law pursuant to Rule 12(b)(6). As noted, plaintiff alleges that Murphy, and other CPS employees, while performing some unspecified duty relating to the child custody determination at issue here, engaged in "negligent reliance" on the "finding of prior employees" of CPS and on certain unidentified allegations by Hickey, and "failed to ascertain . . . and/or disregarded and condoned" the "violent nature[] and history" of Hickey while performing duties related in some unspecified way to the custody dispute underlying this action, and thereby violated plaintiff's due process rights. (Compl. ¶¶ 7, 13-14, 16, 33, 34.)

Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006) (quoting 42 U.S.C. § 1983.). Here, plaintiff's complaint is defective because it fails to identify, even in the most general terms, how the CPS defendants' alleged conduct resulted in a deprivation of plaintiff's substantive or procedural due process rights.[6]

### a. Substantive Due Process Claim

It is well-settled that the Due Process clause guarantees "the interest of a parent in the custody of his or her children as "a

---

[6] The Court recognizes that, in her submission opposing defendants' motion, plaintiff offers additional facts relating to her due process claims, as well as factual allegations regarding a conspiracy between the CPS defendants and Hickey. However, even according plaintiff the consideration afforded to a *pro se* litigant, the Court declines to consider the additional, unsworn factual allegations contained in plaintiff's submission, as they constitute matters outside the pleadings. *See, e.g., Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) ("[A] district court errs when it . . . relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.") (internal citations omitted); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint."); *Langhorne v. Port Auth. of N.Y. and N.J.*, No. 03 Civ. 4610 (RMB) (GWG), 2005 WL 3018265, at *5 (S.D.N.Y. Nov. 10, 2005); *Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99 Civ. 10452, 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers."); *Wagnoon v. Gatson*, 2001 WL 709276, at *5 n. 5 (S.D.N.Y. June 25, 2001); *Scholastic v. Stouffer*, 124 F. Supp.2 d 836, 851 & n. 16 (S.D.N.Y. 2001) ("[P]arties are not entitled to assert new facts in submissions on a motion to dismiss."); *Mann by Parent v. Meachem*, 929 F. Supp. 622, 630 (N.D.N.Y. 1996). *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss").

fundamental, constitutionally protected liberty interest.'" *Kia P. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000) (quoting *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)); *see also Wilkinson v. Russell*, 182 F.3d 89, 103 (2d Cir.1999) ("It has long been settled in this Circuit 'that a parent's interest in the custody of a child [is] a constitutionally protected liberty interest subject to due process protection.' ") (quoting *Cecere v. City of New York*, 967 F.2d 826, 829 (2d Cir.1992)) (alteration in original). Thus, if protective services caseworkers "'err in interrupting parental custody, they may be accused of infringing the parents' constitutional rights.'" *Kia P.*, 235 F.3d at 758 (quoting *van Emrik v. Chemung County Dept. of Soc. Serv.*, 911 F.2d 863, 866 (2d Cir. 1990)).

However, plaintiff's complaint fails to allege that the CPS defendants interrupted plaintiff's parental custody, and thereby implicated plaintiff's due process rights. Indeed, at oral argument, plaintiff asserted that she has *never* lost custody of her son Thomas, and, thus, that the instant complaint is unrelated to any custody proceedings that have occurred in state court.[7] Therefore, because plaintiff has failed to allege any conduct by the CPS defendants that threatened plaintiff's interest in the custody of her child, the complaint fails to state a claim under Section 1983 for violation of plaintiff's substantive due process rights.[8]

b. Procedural Due Process Claim

Similarly, because plaintiff does not allege that a state actor "remove[d] a child from a parent's custody," the complaint fails to present circumstances that would trigger plaintiff's entitlement to the "procedures [that] must be afforded to a parent when the coercive power of the State seeks to separate them" from their children. *Kia P.*, 235 F.3d at 759; *see, e.g., Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) ("As a general rule . . . , before parents may be deprived of the care, custody or management of their children without their consent, due process – ordinarily a court proceeding resulting in an order permitting removal – must be accorded to them."); *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987) (due process "would generally require a predeprivation hearing"); *Porter v. City of New York*, No. 03 Civ. 6463 (ENV), 2007 WL 1791149, at *4 (E.D.N.Y. June 19, 2007). Accordingly, plaintiff's complaint fails to state a procedural due process claim under Section 1983.[9]

---

[7] The Court notes that plaintiff's complaint alleges that, at some point, Thomas was in "residential custody with" plaintiff's husband. (Compl. ¶ 2.) However, plaintiff does not allege that any state actor caused Thomas to be removed from plaintiff's custody or to be placed in Hickey's custody.

[8] The Court also notes that plaintiff has failed to allege any facts from which it could be inferred that she is alleging that a state actor failed to protect her child while he was in the custody of the state. *See Phifer v. City of New York*, 289 F.3d 49, 62 (2d Cir. 2002). Furthermore, plaintiff has failed to allege any facts that, even as liberally construed, would bring her claims within the "subset" of due process cases "addressing circumstances where the government, although not physically taking the child away from a parent, gains custody of the child by refusing to release him or her after the parent has voluntarily granted temporary custody to the government or a third party." *See Kia P.*, 235 F.3d at 760.

[9] Plaintiff argues that an unpublished Second Circuit decision, *Southerland v. Giuliani*, No. 00-7410, 2001 WL 127293 (2d Cir. Feb. 14, 2001), indicates that she has stated a Section 1983 due process claim against the CPS defendants. However, notwithstanding that an unpublished decision has no precedential effect, *see* Second Circuit Rule § 0.23 ("Citation to summary orders

c. Qualified Immunity

Defendant Murphy argues that he is shielded from liability for plaintiff's federal claims under the doctrines of qualified immunity and, alternatively, quasi-judicial immunity. Qualified immunity applies to suits against state officials for acts in the course of their duties that do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Cartier v. Lussier*, 955 F.2d 841, 843 (2d Cir.1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It applies when either: (i) the state official did not violate a clearly established right; or (ii) it was objectively reasonable for the state official to believe that he was not violating a clearly established right. *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir.2003). "The objective reasonableness test is met – and the defendant is entitled to immunity – if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). With regard to qualified immunity for the discretionary functions performed by child protective services officers, the Second Circuit has observed that:

> [P]rotective services caseworkers [must] choose between difficult alternatives. . . . If they err in interrupting parental custody, they may be accused of infringing the parents' constitutional rights. If they err in not removing the child, they risk injury to the child and may be accused of infringing the child's rights. It is precisely the function of qualified immunity to protect state officials in choosing between such alternatives, provided that there is an objectively reasonable basis for their decision, whichever way they make it.

*Tenenbaum v. Williams*, 193 F.3d 581, 596 (2d Cir. 1999) (quoting *van Emrik*, 911 F.2d at 866) (alterations in original).

Here, because the Court found *supra* that plaintiff's complaint fails to sufficiently allege a federal claim, the Court need not address the issue of qualified immunity or quasi-judicial immunity. If plaintiff files an amended pleading, and corrects the pleading defects discussed *supra*, the Court will allow defendant to renew his motion to dismiss on such grounds.

B. State Law Claims

Plaintiff's complaint, as liberally construed, also asserts state law claims of intentional infliction of emotional distress and libel against Hickey. The Court "decline[s] to exercise supplemental jurisdiction over [plaintiff's] state law claims [because] it has

---

filed prior to January 1, 2007, is not permitted in this or any other court, except in a subsequent stage of a case in which the summary order has been entered, in a related case, or in any case for purposes of estoppel or *res judicata*."), the Court notes that *Southerland* is inapposite to the claims asserted in the instant case. In *Southerland*, the court held that a father had sufficiently pled Section 1983 procedural and substantive due process claims where he alleged that a New York City agency had seized his children without providing a proper hearing and without a reasonable basis for the seizure. *Id.* at *1 ("We have never required – as the district court apparently did – that parental rights be completely or permanently terminated in order for constitutional protections to apply."). By contrast, in this case, as discussed *supra*, plaintiff does not allege that the state seized custody of her child or that she was denied an adequate proceeding prior to or following a determination regarding custody of her child.

dismissed all claims over which it has original jurisdiction." *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)) (internal quotation marks omitted) ("If the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."); *Karmel v. Liz Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 U.S. Dist. LEXIS 12842, at *10-*11 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

IV. CONCLUSION

For the foregoing reasons, plaintiff's Section 1983 claims are DISMISSED without prejudice pursuant to Rule 12(b)(6). The Court declines to exercise jurisdiction over plaintiff's state law claims. Plaintiff's request to file an amended complaint is GRANTED. Plaintiff may file and serve an amended complaint within thirty days of the date of this Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 2, 2007
Central Islip, NY

\* \* \*

Plaintiff Susan Daniels and defendant Thomas Hickey appeared *pro se*. The attorneys for the CPS defendants are Brian C. Mitchell, Esq., and Susan A. Flynn, Esq., Suffolk County Attorney's Office, 100 Veteran Memorial Highway, Hauppauge, New York 11788.